Brockenbrough, J.
I think it very clear, that under the 9th section of the statute concerning rents, an attachment for rent which is to become due at a future time, cannot be issued before the commencement of the term. For, until the commencement of the term, the relation of landlord and tenant does not exist. In this case, Garland had made a contract with Johnson, previous to the 1st December 1833, that he would let his house to him, for one year, for 200 dollars; the term to commence on that day, and to end on the 1st December 1834. It happened, that on the 26th November 1833, Johnson had sundry goods on the premises, probably under the lease of Knight,* who was the tenant for that year until the 1st December 1833, when the lease of Johnson was to commence. Until then, Johnson was not the tenant of Garland; and by the very words as well as the plain meaning of the statute, Garland, not being the landlord of Johnson, had no right to sue out the attachment. Johnson having goods on the premises in the possession of Knight,* had complete control of them ; and there being no attachment for rent which would thereafter become due from Knight, nor any lien which would restrain Johnson from disposing of the goods as he pleased, he had a right to remove them from the premises at any lime before the 1st December.
The attachment having been irregularly issued, the defendant appeared on the return thereof, and moved *152 the court to quash the process. The plaintiff also appeared to contest the motion. This motion to quash was the correct mode of proceeding, and the court to which the process was returnable was the proper tribunal ; Redford v. Winston, 3 Rand. 148.
Johnson's entering into the recognizance to pay the rent, did not take from him his right to have the attachment quashed for irregularity. He entered into that recognizance under compulsion and the vis major of the sheriff, who would otherwise have kept his goods which he had already seized : he had no other way of peaceably regaining his goods but by entering into the recognizance.
I think the judgment should be reversed, the attachment quashed, and with it the recognizance which was founded on it.
Parker, Cabell and Brooke, J. concurred.
Tucker, P.
I agree that the attachment was irregular. But Johnson having entered into the recognizance, it was not competent to him to move to quash it, there being no cause in court. His remedy was to plead the irregularity of the proceeding in avoidance of the recognizance, whenever he should have been sued upon it. It is indeed stated, that the parties appeared in court. But if the motion was regular, the proceeding would have been right, though the landlord had not appeared : and thus, a judgment upon his rights would have been given, when there were no parties in court. For, by giving the recognizance, the attachment was functus officio. Nothing further could be done ; nothing further was to be done; for no motion lies upon such a recognizance, but the landlord’s remedy is only by action upon it.
The judgment must, indeed, be reversed, because the court gave the landlord his costs; which ought not to *153 have been done. The court should merely have struck the cause from the docket. The costs of the attachment were included in the recognizance.
The majority of the judges, however, are of opinion, that the judgment should be reversed, and the attachment and the recognizance both quashed ; thus coming at justice by a short road; which I do not regret, though I cannot concur in it.
Judgment reversed.

 It is obvious, from those remarks, that the judge understood the state of the case to be somewhat diiferent from that which the reporter has above given of it. The reporter has stated it from the record, according to his understanding of it, after a very careful examination.